Caitlin Comstock Blanche (SBN 254109)
caitlin.banche@klgates.com
**K&L GATES LLP**
One Park Plaza 12th Floor
Irvine, CA 92614
Tel: (949) 253-0900
Fax: (949) 253-0902

*Attorneys for Plaintiffs Barco NV and Barco, Inc.*

# UNITED STATES DISTRICT COURT FOR THE

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BARCO NV and BARCO, INC.** | Civil Action No. |
| Plaintiffs, | Judge: |
| v. | **ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT OF U.S. PATENT NOS. 8,756,348, 9,083,769 AND D699,241** |
| **VIVITEK CORPORATION and DELTA ELECTRONICS, INC.** | |
| Defendants | **JURY TRIAL DEMANDED** |

Plaintiffs Barco NV and Barco, Inc., collectively doing business as Barco ("Plaintiffs" or "Barco") by and through their undersigned counsel, file this Original Complaint for Patent Infringement against Defendants Vivitek Corporation and Delta Electronics, Inc. and allege on knowledge as to their actions, and upon knowledge and information and belief as to the actions of others, as follows:

## NATURE OF THE ACTION

1. This action arises under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.,* from Defendants' infringement of U.S. Patent No. 8,756,348; U.S. Patent No. 9,083,769, and U.S. Patent No. D699,241 (collectively, the "Patents-in-Suit")

2. Barco seeks injunctive relief as well as damages.

///

**THE PARTIES**

3. Plaintiff Barco NV is a foreign company incorporated under the laws of Belgium with its principal operating business located at Beneluxpark 21, BE-8500 Kortrijk, Belgium.

4. Plaintiff Barco, Inc. is a company incorporated under the laws of Delaware, and has a principal place of business at 421 McCarthy Blvd, Milpitas, CA 95035.

5. Defendant Vivitek Corporation ("Vivitek") is a company incorporated under the laws of California. Upon information and belief, Vivitek has a principal place of business at 46101 Fremont Blvd, Fremont, California 94538. Vivitek may be served through its registered agent for service, CT Corporation System, 818 West Seventh Street, Suite 930, Los Angeles CA 90017.

6. On information and belief, Defendant Delta Electronics, Inc. ("Delta Electronics") is a Taiwanese corporation with its principal place of business at 186 Ruey Kuang Rd., Neihu, Taipei 11491, Taiwan, R.O.C.. Delta Electronics can be served with process pursuant to the California Long Arm Statute, Cal. Code Civ. Proc § 410.10.

7. Vivitek manufactures, imports, offers for sale, and sells wireless presentation tools to resellers, distributors, and consumers throughout the United States, including in this District.

8. Vivitek is an agent and alter-ego of Delta Electronics in that it is controlled and dominated by Delta Electronics and is a wholly-owned subsidiary of Delta Electronics. Specifically, Vivitek is described "as a brand of Delta" on websites that can be visited by customers in the United States:

[screenshot of https://www.vivitekusa.com/productdetail/LauncherPlus/ showing "vivitek A brand of DELTA" logo with Home / Products / Projector navigation and LauncherPlus heading]

See https://www.vivitekusa.com/productdetail/LauncherPlus/

///

**JURISDICTION AND VENUE**

9. Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338(a) because the claims arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

10. This Court has personal jurisdiction over Vivitek insofar as it is incorporated in this District, and maintains a regular and established place of business at 46101 Fremont Boulevard, Fremont, California 94538, located in this District.

11. As to Vivitek, venue is proper in this Judicial District under 28 U.S.C. § 1400(b) because Vivitek is incorporated in California, and has a regular and established place of business at 46101 Fremont Boulevard, Fremont, California 94538, located in this District.

12. This Court has personal jurisdiction over Delta Electronics because, directly or through intermediaries including its wholly-owned subsidiary Vivitek, it has committed acts in this District that give rise to this action, or otherwise has established minimum contacts with this District such that the exercise of personal jurisdiction over Delta Electronics would not offend traditional notions of fair play and justice.

13. For example, Delta Electronics has placed and is continuing to place infringing products into the stream of commerce via an established distribution channel that includes Vivitek, with the knowledge and understanding that such products are being and will continue to be sold in the State of California, including in this District. For at least the reasons set out in paragraph 8, Delta Electronics has held itself out as controlling and directing Vivitek's activities, including the acts of infringement set out herein.

14. In addition, on information and belief, Delta Electronics also operates directly in the United States through its wholly-owned subsidiary Delta Electronics (Americas) Ltd., ("DEA") a California corporation that it controls and which acts as its agent in the United States. Upon information and belief, DEA shares the same principal place of business as Vivitek, namely 46101 Fremont Boulevard, Fremont, California 94538, located in this District.

15. As to Delta Electronics, venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400 because: (i) Delta Electronics does business in this District, directly or through intermediaries; (ii) at least a portion of the acts of infringement described herein

- 3 -   COMPLAINT FOR INFRINGEMENT OF PATENT
303436699 v1

occurred in this District; (iii) Delta Electronics regularly solicits business, engages in other persistent courses of conduct, or derives revenue from goods and services provided to individuals in this District.

## BARCO AND ITS INNOVATIONS

16. Barco is a leading global technology company known for its high-quality presentation tools, screens, monitors, video walls, projectors, LED screens and streaming devices.

17. Barco develops networked visualization solutions for the entertainment, enterprise and healthcare markets.  Barco's solutions help people to enjoy compelling entertainment experiences; its products foster knowledge sharing and smart decision-making in organizations.

18. Barco has expended tremendous resources developing wireless presentation technology.  Barco's ClickShare product is a revolutionary wireless presentation and collaboration tool that enables meeting participants to easily display and share the information on their laptop on a main presentation screen in a meeting room or conference center, without cables, set-up, or delay.

19. As a result of its innovative wireless technology, seamless operation, and smart design, Barco's ClickShare product has become the top choice for organizations seeking to share ideas and build knowledge bases.

20. The ClickShare tool has won numerous industry awards, received consistently favorable press, and enjoyed considerable commercial success.

21. A strong portfolio of patents, which includes each of the Patents-in-Suit, protect Barco's investment in its innovative wireless presentation tools.

## THE PATENTS-IN-SUIT

22. On June 17, 2014, the U.S. Patent and Trademark Office issued U.S. Patent No. 8,756,348 ("the '348 Patent"), titled "Electronic Tool and Methods for Meetings," and with a claimed priority date of September 14, 2011.  A true and correct copy of the '348 Patent is attached at **Exhibit 1**.

23. The '348 Patent is presumed valid under 35 U.S.C. § 282(a).

24. Barco NV is the owner and assignee of all substantial rights, title, and interest in the '348 Patent.

25. On July 14, 2015, the U.S. Patent and Trademark Office issued U.S. Patent No. 9,083,769 ("the '769 Patent"), titled "Electronic Tool and Methods for Meetings," and with a claimed priority date of September 14, 2011. A true and correct copy of the '769 Patent is attached at **Exhibit 2**.

26. The '769 Patent is presumed valid under 35 U.S.C. § 282(a).

27. Barco NV is the owner and assignee of all substantial rights, title, and interest in the '769 Patent.

28. On February 9, 2018, an anonymous third party requested reexamination of the '348 Patent and the '769 Patent by the U.S. Patent Office.

29. On March 15, 2019, the U.S. Patent Office issued a Reexamination Certificate with respect to the '769 Patent, confirming that Claim 1 and 7 were as patentable as amended over the prior art. *See* **Exhibit 3**. Claims 2-6, 8-10, and 13-22, dependent on an amended claim, were also determined to be patentable. *Id.* Additionally, new claims 23-25 were added and determined to be patentable. *Id.*

30. On May 24, 2019, the U.S. Patent Office issued a Reexamination Certificate with respect to the '348 Patent, confirming that Claims 1, 2, 4, 5, and 10-20 were as patentable as amended over the prior art. *See* **Exhibit 4**. Additionally, new claims 21-26 were added and determined to be patentable. *Id.*

31. The '769 Patent and the '348 Patent share a common specification. The '769 Patent and the '348 Patent claim and disclose an electronic meeting tool and method for communicating arbitrary media content from users at a meeting. The invention comprises a node configuration means that receives user selected arbitrary media content adapted to control and operate the display of the user selected arbitrary media content via a display node coupled to a display.

32. The '769 Patent and the '348 Patent describe the explosion of electronic communication tools designed to assist groups of persons to communicate with each other to collaborate, problem-solve, negotiate, teach, and learn at the time of the invention. (*See, e.g.,* '769 Patent at 1:25-39).

/ / /

- 5 -    COMPLAINT FOR INFRINGEMENT OF PATENT
303436699 v1

33. However, those electronic communications tools were often poorly designed or cumbersome, not least because of the complexity of the networking infrastructure, and firewalls and other security measures that restricted the use of peripheral devices communicating across a network. (*See, e.g.,* '769 Patent at 4:38-59). Thus, even though inexperienced users necessarily needed to utilize the technology, the tools themselves demanded a high level of technical expertise. *Id.* In turn, that led to lower productivity, lack of participation, and delay. *Id.*

34. The '769 Patent and the '348 Patent disclose an invention that overcomes these problems. One aspect of the invention describes an electronic meeting tool for communicating arbitrary media content from users at a meeting comprising: a node configuration means adapted to operate a display node of a communications network, the display node being coupled to a first display, the node configuration means being adapted to receive user selected arbitrary media content and to control display of the user selected arbitrary media content on the first display; and at least one peripheral device adapted to communicate the user selected arbitrary media content via the communications network, wherein the peripheral device is a connection unit comprising: (a) a connector adapted to couple to a port of a processing device having a second display, a memory and an operating system: and (b) a transmitter for communicating with the communications network, a program adapted to be loaded onto the processing device and to run on the operating system of the processing device, said program being adapted to obtain user selected arbitrary media content, said program leaving a zero footprint on termination, and an input device to allow the user to carry out a user action that triggers transfer of said user selected arbitrary media content to said transmitter through said port. (*See* '769 Patent at 5:3-27).

35. The following shows one version of the Barco ClickShare tool, which is an embodiment of a peripheral device in accordance with the invention of the '769 Patent and the '348 Patent:

/ / /

/ / /

/ / /

/ / /



See, e.g., '769 Patent, Fig. 10; see also id. 14:1-2 and 17:6-7.

36. On February 11, 2014, the U.S. Patent and Trademark Office issued design patent U.S. Patent No. D699,241 titled "Peripheral Device for Computers" ("the D'241 Patent").  A true and correct copy of the D'241 Patent is attached at **Exhibit 5**.

37. The D'241 Patent is presumed valid under 35 U.S.C. § 282(a).

38. Barco NV is the owner and assignee of all substantial rights, title, and interest in the D'241 Patent.

39. The D'241 Patent claims an ornamental design for peripheral device for computers, and includes exemplary Figure 6 as shown below:



See, e.g., D'241 Patent, Fig. 6.

## DEFENDANTS' INFRINGING ACTIVITY

40. Defendants have entered the wireless presentation tool market, including the market for wireless presentation tools in the United States.

41. However, rather than develop their own technology, Defendants have copied Barco's patented technology, and have incorporated Barco's patented technology into their wireless presentation tools. Defendants thus unfairly compete with Barco in the marketplace by offering for sale and selling these infringing products throughout the United States, including in California.

42. Defendants have sold infringing products to customers throughout the United States and in this District, including to Barco's own customers. Defendants have sold or offered for sale infringing products to certain distributors who comprise an important part of Barco's own supply chain. Defendants have also participated in many of the same industry events and trade shows as Barco, demonstrating and marketing their infringing products alongside Barco's ClickShare and other wireless presentation products.

43. As a result of these infringing activities, Defendants have caused direct injury to Barco throughout the United States.

## THE ACCUSED PRODUCT

44. Defendants make, use (including by testing), sell, offer for sale within the United States, and import into the United States, a variety of wireless presentation tools.

45. One wireless presentation tool that Defendants make, use (including by testing), sell, offer for sale within the United States, and import into the United States, is the LauncherPlus (the "Accused Product").

46. The Accused Product is described as a "plug-and-play" device, which "allows users to "establish a direct, ad-hoc wireless connection to their NovoEnterprise unit, without impacting the security of their corporate network," and which "features five physical buttons that grant users the ability to intuitively control their projection at will, without having to run any software on their device." (*See* www.vivitekusa.com/productdetail/LauncherPlus/).

47. An image of the LauncherPlus is below:

/ / /

- 8 -    COMPLAINT FOR INFRINGEMENT OF PATENT
303436699 v1



*See id.* (rotated from original).

48. On or about April 2017, Barco communicated to Defendants its belief that Defendants' wireless presentation products infringed Barco's intellectual property, citing specific Barco patents (including the '348 Patent) in both the United States and Europe for Defendants' review and investigation.

49. Defendants had continued exposure to Barco's wireless presentation technology during 2017 and 2018 through both parties' continued market presence and participation in industry events and trade shows worldwide.

50. Barco also continued to communicate directly with Defendants about Barco's concerns surrounding the potential infringing activity, including Defendants' manufacture, use, marketing, and sale of the Accused Product.

51. Defendants are well aware of Barco and Barco's intellectual property rights embodied in the ClickShare technology. Barco NV has already been forced to seek relief from a Dutch court in The Hague, Netherlands, in connection with Delta Electronics' infringing acts in offering for sale and selling the Accused Product without license or authorization in Europe.

52. Faced with Defendants' refusal to cease their infringing activities in the United States, Barco has been forced to file this suit to seek this Court's protection of its valuable intellectual property rights.

/ / /

**COUNT I: DEFENDANTS' INFRINGEMENT OF THE '348 PATENT**

53. Barco incorporates by reference each of its allegations in the foregoing paragraphs as though set forth fully herein.

54. As shown in **Exhibit 6**, by making, using (at least by testing), selling, offering for sale, or importing the Accused Product in this Judicial District and throughout the United States without license or authorization, Defendants are now and have been directly infringing at least claim 1 of the '348 Patent, either literally or under the doctrine of equivalents, as proscribed by 35 U.S.C. § 271, *et seq.*

55. Exhibit 6 is intended solely to satisfy the notice requirements of Federal Rule of Civil Procedure 8(a)(2), and does not represent Barco's preliminary or final infringement contentions or preliminary or final claim construction positions. Barco reserves the right to modify its infringement theories reflected in Exhibit 6 as discovery progresses in this case, including through contentions disclosures and claim construction in accordance with the Patent Local Rules in this District.

56. As a direct and proximate result of Defendants' direct infringement of the '348 Patent, Barco has been and continues to be damaged. Defendants' infringing activities will continue unless enjoined by this Court or until the patent expires, whichever is sooner.

57. Since at least April 2017, Delta Electronics has known that the Accused Products directly infringe one or more claims of the '348 Patent. Because Vivitek is an alter ego of Delta Electronics in the United States, such knowledge can additionally be imputed to Vivitek.

58. Defendants have additionally indirectly infringed and continue to indirectly infringe at least claim 1 of the '348 Patent by actively inducing their customers and users of the Accused Product or functionally equivalent products by, among other things, providing the Accused Products to users along with instructions on how to use the Accused Product in a manner that Defendants knew would directly infringe each element of at least claim 1 of the '769 Patent.

59. Defendants have engaged and will continue to engage in such inducement having actual knowledge of the '348 Patent since at least April 2017. Furthermore, Defendants knew or should have known that their actions would and will continue to induce direct infringement by the

/ / /

users of the Accused Products or functionally equivalent products, and have intended and will continue to intend that their actions would induce direct infringement by such users.

60. As a direct and proximate result of Defendants' indirect infringement by inducement of the '348 Patent, Barco has been and continues to be damaged. Defendants' infringing activities will continue unless enjoined by this Court or until the patent expires, whichever is sooner.

61. By engaging in the conduct described herein, Defendants have injured Barco and are thus liable for infringement of the '348 Patent, pursuant to 35 U.S.C. § 271.

62. Defendants have committed these acts of infringement without license or authorization.

63. Defendants have committed these acts of infringement with actual knowledge of the '769 Patent since at least April 2017, and thus have acted recklessly and willfully with regard to Barco's rights in the '348 Patent.

64. As a result of Defendants' willful infringement of the '348 Patent, Barco has suffered monetary damages and is entitled to a monetary judgment in an amount at least adequate to compensate for Defendants' infringement.

65. Barco will continue to suffer damages in the future unless this Court enjoins Defendants' infringing activities or the patent expires, whichever is sooner. As such, Barco is entitled to compensation for any continuing and/or future infringement up until the date that Defendants are finally and permanently enjoined from further infringement or the patent expires, whichever is sooner.

**COUNT II: DEFENDANTS' INFRINGEMENT OF THE '769 PATENT**

66. Barco incorporates by reference each of its allegations in the foregoing paragraphs as though set forth fully herein.

67. As shown in **Exhibit 7**, by making, using (at least by testing), selling, offering for sale, or importing the Accused Product in this Judicial District and throughout the United States without license or authorization, Defendants are now and have been directly infringing at least claim 1 of the '769 Patent, either literally or under the doctrine of equivalents, as proscribed by 35 U.S.C. § 271, *et seq*.

68. Exhibit 7 is intended solely to satisfy the notice requirements of Federal Rule of Civil Procedure 8(a)(2), and does not represent Barco's preliminary or final infringement contentions or preliminary or final claim construction positions. Barco reserves the right to modify its infringement theories reflected in Exhibit 7 as discovery progresses in this case, including through contentions disclosures and claim construction in accordance with the Patent Local Rules in this District.

69. As a direct and proximate result of Defendants' direct infringement of the '769 Patent, Barco has been and continues to be damaged. Defendants' infringing activities will continue unless enjoined by this Court or until the patent expires, whichever is sooner.

70. Since at least June 2018, Delta Electronics has known that the Accused Products directly infringe one or more claims of the '769 Patent. Because Vivitek is an alter ego of Delta Electronics in the United States, such knowledge can additionally be imputed to Vivitek.

71. Defendants have additionally indirectly infringed and continue to indirectly infringe at least claim 1 of the '769 Patent by actively inducing their customers and users of the Accused Product or functionally equivalent products by, among other things, providing the Accused Products to users along with instructions on how to use the Accused Product in a manner that Defendants knew would directly infringe each element of at least Claim 1 of the '769 Patent.

72. Defendants have engaged and will continue to engage in such inducement having actual knowledge of the '769 Patent since at least June 2018. Furthermore, Defendants knew or should have known that their actions would and will continue to induce direct infringement by the users of the Accused Products or functionally equivalent products, and have intended and will continue to intend that their actions would induce direct infringement by such users.

73. As a direct and proximate result of Defendants' indirect infringement by inducement of the '769 Patent, Barco has been and continues to be damaged. Defendants' infringing activities will continue unless enjoined by this Court or until the patent expires, whichever is sooner.

74. By engaging in the conduct described herein, Defendants have injured Barco and are thus liable for infringement of the '769 Patent, pursuant to 35 U.S.C. § 271.

75. Defendants have committed these acts of infringement without license or authorization.

76. Defendants have committed these acts of infringement with actual knowledge of the '769 Patent since at least June 2018, and thus have acted recklessly and willfully with regard to Barco's rights in the '769 Patent.

77. As a result of Defendants' willful infringement of the '769 Patent, Barco has suffered monetary damages and is entitled to a monetary judgment in an amount at least adequate to compensate for Defendants' infringement.

78. Barco will continue to suffer damages in the future unless this Court enjoins Defendants' infringing activities or the patent expires, whichever is sooner. As such, Barco is entitled to compensation for any continuing and/or future infringement up until the date that Defendants are finally and permanently enjoined from further infringement or the patent expires, whichever is sooner.

**COUNT III: DEFENDANTS' INFRINGEMENT OF THE D'241 PATENT**

79. Barco incorporates by reference each of its allegations in the foregoing paragraphs as though set forth fully herein.

80. By selling, offering for sale, distributing, and advertising the Accused Product in this Judicial District and throughout the United States without license or authorization, Defendants are now and have been directly infringing the D'241 Patent, either literally or under the doctrine of equivalents.

81. A side-by-side comparison, shown below, demonstrates how the Accused Product (left) misappropriates Barco's patented design (right):

| Accused Product | Barco D'241 Patented Design |
|---|---|
| | |

82. The images above are demonstrative of the similarities between the Accused Product and Barco's protected design. Both feature a square-shaped body with an elongated USB cable. The square body has rounded corners, and the USB cable is affixed by a rounded connection point to the body. The body features a single large circular clicker button, which takes up the predominant surface of the square body. The entire apparatus in both instances is designed to fit in the palm of a user and be operated single-handedly.

83. The design of the Accused Product is substantially the same as the design embodied in the D'241 Patent such as to deceive and induce an ordinary observer to purchase the Accused Product supposing the same to be Barco's innovative ClickShare product.

84. Defendants' conduct in selling, offering for sale, distributing and advertising the Infringing Products directly infringes the D'241 Patent, and Defendants have committed these acts of infringement without license or authorization.

85. Defendants are thus liable for infringement of the D'241 Patent, pursuant to 35 U.S.C. § 271.

86. As a direct and proximate result of infringement of the D'241 Patent, Barco has suffered monetary damages and is entitled to a monetary judgment in an amount at least adequate to compensate for Defendants' infringement, as well as Defendants' total profits under 35 U.S.C. § 2819.

87. Barco will continue to suffer damages in the future unless this Court enjoins Defendants' infringing activities or the patent expires, whichever is sooner. As such, Barco is entitled to compensation for any continuing and/or future infringement up until the date that Defendants are finally and permanently enjoined from further infringement or the patent expires, whichever is sooner.

/ / /

/ / /

/ / /

/ / /

/ / /

**PRAYER FOR RELIEF**

WHEREFORE, Barco prays for the following relief:

A.  Defendants be adjudged to have infringed the Patents-in-Suit directly and by way of induced infringement, either literally or under the doctrine of equivalents;

B.  That Defendants, and each of their officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be preliminarily and permanently restrained and enjoined from directly or indirectly infringing the Patents-in-Suit;

C.  An award of damages pursuant to 35 U.S.C. § 284 sufficient to compensate Barco for Defendants' past infringement and any continuing or future infringement up until the date that Defendants are finally and permanently enjoined from further infringement or the patents expire, whichever is sooner, including compensatory damages;

D.  An additional award of total profits pursuant to 35 U.S.C. § 289 for Defendants' past infringement and any continuing or future infringement of the D'241 Patent, up until the date that Defendants are finally and permanently enjoined from further infringement or the patents expire, whichever is sooner,

E.  An assessment of pre-judgment and post-judgment interest and costs against Defendants, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

F.  That Defendants be directed to pay enhanced damages under 35 U.S.C. § 284 and Barco's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285; and

G.  Such other and further relief as this Court may deem just and proper.

Dated: June 10, 2019

*Respectfully submitted,*

**K&L Gates LLP**

/s/ *Caitlin Blanche*
Caitlin Comstock Blanche (SBN 254109)
caitlin.banche@klgates.com
One Park Plaza 12th Floor
Irvine, CA 92614
Tel: (949) 253-0900
Fax: (949) 253-0902

*Attorneys for Plaintiffs Barco NV and Barco, Inc.*

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Barco hereby demands a trial by jury on all issues triable of right by a jury.

Dated: June 10, 2019

Respectfully submitted,

**K&L Gates LLP**

/s/ *Caitlin Blanche*
Caitlin Comstock Blanche (SBN 254109)
caitlin.banche@klgates.com
One Park Plaza 12th Floor
Irvine, CA 92614
Tel: (949) 253-0900
Fax: (949) 253-0902

*Attorneys for Plaintiffs Barco NV and Barco, Inc.*