Erik R. Puknys (SBN 190926)
erik.puknys@finnegan.com
Gary C. Ma (SBN 221294)
gary.ma@finnegan.com
**FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP**
3300 Hillview Avenue
Palo Alto, CA 94304
Telephone:   (650) 849-6600
Facsimile:   (650) 849-6666

E. Robert Yoches (*pro hac vice*)
bob.yoches@finnegan.com
Elizabeth D. Ferrill (*pro hac vice* to be filed)
elizabeth.ferrill@finnegan.com
**FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP**
901 New York Avenue NW
Washington, DC 20001
Telephone:   (202) 408-4000
Facsimile:   (202) 408-4400

*Attorneys for Defendants Vivitek Corporation
 and Delta Electronics, Inc.*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| BARCO NV and BARCO, INC.,<br><br>    Plaintiffs,<br><br>  vs.<br><br>VIVITEK CORPORATION AND DELTA ELECTRONICS, INC.,<br><br>    Defendants. | Case No. 4:19-cv-03250-JST<br><br>**VIVITEK'S AND DELTA'S ANSWER TO BARCO'S COMPLAINT FOR PATENT INFRINGEMENT**<br><br>Honorable Jon S. Tigar |

Defendants Vivitek Corporation ("Vivitek") and Delta Electronics, Inc. ("Delta Electronics") (together, "Delta"), by and through their attorneys, admits, denies, and avers as follows with respect

to the Complaint filed by Plaintiffs on June 10, 2019 (Dkt. No. 1).

### NATURE OF THE ACTION

1. Answering Paragraph 1, Delta admits that the Complaint purports to state a cause of action for patent infringement arising under Title 35 of the United States Code. Delta denies it has infringed any valid claim of the Patents-in-Suit (U.S. Patent No. 8,756,348, U.S. Patent No. 9,083,769, and U.S. Patent No. D699,241) and any other allegations implied in Paragraph 1.

2. Answering Paragraph 2, Delta denies that Plaintiffs are entitled to any relief or damages by way of their Complaint.

### THE PARTIES

3. Answering Paragraph 3, Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies them.

4. Answering Paragraph 4, Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies them.

5. Answering Paragraph 5, Vivitek admits that it is a company incorporated under the laws of California and that it has a principal place of business at 46101 Fremont Blvd., Fremont, California 94538. Vivitek admits that its registered agent for service of process is CT Corporation System. The remaining allegations of Paragraph 5 contain legal conclusions to which no response is required.

6. Answering Paragraph 6, Delta Electronics admits that it is a Taiwanese corporation with its principal place of business at 186 Ruey Kuang Rd., Neihu, Taipei 11491, Taiwan, R.O.C. The remaining allegations of Paragraph 6 contain legal conclusions to which no response is required.

7. Answering Paragraph 7, Delta admits that Vivitek offers for sale and sells its LauncherPlus product in the United States, including in this District. Delta denies any remaining allegations of Paragraph 7.

8. Answering Paragraph 8, Delta admits that Vivitek is a subsidiary of Delta Electronics and that it is described as a "brand of Delta" on the website, https://www.vivitekusa.com. Delta denies any remaining allegations of Paragraph 8.

**JURISDICTION AND VENUE**

9.  Answering Paragraph 9, Delta admits that subject matter jurisdiction over this action exists under 28 U.S.C. §§ 1331 and 1338(a).

10. Answering Paragraph 10, it contains legal conclusions to which no response is required. Delta does not contest that personal jurisdiction exists over Vivitek for purposes of this action only.

11. Answering Paragraph 11, it contains legal conclusions to which no response is required. Delta does not contest that venue is proper in this District for Vivitek for purposes of this action only.

12. Answering Paragraph 12, it contains legal conclusions to which no response is required. Delta does not contest that personal jurisdiction exists over Delta Electronics for purposes of this action only. Delta denies any remaining allegations of Paragraph 12.

13. Answering Paragraph 13, Delta denies it infringes or has infringed any valid claim of the Patents-in-Suit, and denies every other allegation contained Paragraph 13.

14. Answering Paragraph 14, Delta admits that Delta Electronics (Americas) Ltd. is a subsidiary of Delta Electronics and that it has a principal place of business at 46101 Fremont Blvd., Fremont, California 94538. Delta denies any remaining allegations of Paragraph 14.

15. Answering Paragraph 15, it contains legal conclusions to which no response is required. Delta does not contest that venue is proper in this District for Delta Electronics for purposes of this action only. Delta denies it infringes or has infringed any valid claim of the Patents-in-Suit, and denies every other allegation contained in Paragraph 15.

**BARCO AND ITS ALLEGED INNOVATIONS**

16. Answering Paragraph 16, Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies them.

17. Answering Paragraph 17, Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies them.

18. Answering Paragraph 18, Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies them.

19. Answering Paragraph 19, Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies them.

20. Answering Paragraph 20, Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies them.

21. Answering Paragraph 21, Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies them.

## THE PATENTS-IN-SUIT

22. Answering Paragraph 22, Delta admits that U.S. Patent No. 8,756,348 (the "'348 Patent") is titled "Electronic Tool and Methods for Meetings" and that the face of the '348 Patent states that it issued on June 17, 2014, and claims a priority date of September 14, 2011. Delta admits that what purports to be a true and correct copy of the '348 Patent is attached to the Complaint as Exhibit 1.

23. Answering Paragraph 23, Delta admits that 35 U.S.C. § 282(a) states that a patent shall be presumed valid but denies that the '348 Patent is valid.

24. Answering Paragraph 24, Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies them.

25. Answering Paragraph 25, Delta admits that U.S. Patent No. 9,083,769 (the "'769 Patent") is titled "Electronic Tool and Methods for Meetings" and that the face of the '769 Patent states that it issued on June 14, 2015, and claims a priority date of September 14, 2011. Delta admits that what purports to be a true and correct copy of the '769 Patent is attached to the Complaint as Exhibit 2.

26. Answering Paragraph 26, Delta admits that 35 U.S.C. § 282(a) states that a patent shall be presumed valid but denies that the '769 Patent is valid.

27. Answering Paragraph 27, Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies them.

28. Answering Paragraph 28, Delta admits that on February 9, 2018, Stanley Liang of Tarrytown, New York, requested reexamination of the '348 and '769 Patents and denies every other allegation contained in Paragraph 28.

29.     Answering Paragraph 29, Delta admits that the U.S. Patent Office issued a Reexamination Certificate with respect to the '769 patent on March 15, 2019, stating that "[c]laims 11 and 12 are canceled," "[c]laims 1 and 7 are determined to be patentable as amended," "[c]laims 2-6, 8-10, and 13-22, dependent on an amended claim, are determined to be patentable," and "[n]ew claims 23-25 are added and determined to be patentable." Delta denies that the most relevant prior art was submitted to the Patent Office during the reexamination proceeding and denies that the '769 Patent claims are valid.

30.     Answering Paragraph 30, Delta admits that the U.S. Patent Office issued a Reexamination Certificate with respect to the '348 patent on May 24, 2019, stating that "[c]laims 3 and 6-9 are canceled," "[c]laims 1 and 12 are determined to be patentable as amended," "[c]laims 2, 4, 5, 10, 11, and 13-20, dependent on an amended claim, are determined to be patentable," and "[n]ew claims 21-26 are added and determined to be patentable." Delta denies that the most relevant prior art was submitted to the Patent Office during the reexamination proceeding and denies that the '348 Patent claims are valid.

31.     Answering Paragraph 31, Delta states that the specifications and claims of the '348 and '769 Patents speak for themselves, but denies that they describe any "invention."

32.     Answering Paragraph 32, Delta states that the specifications and claims of the '348 and '769 Patents speak for themselves.

33.     Answering Paragraph 33, Delta states that the specifications and claims of the '348 and '769 Patents speak for themselves.

34.     Answering Paragraph 34, Delta states that the specifications and claims of the '348 and '769 Patents speak for themselves, but denies that they describe any "invention."

35.     Answering Paragraph 35, Delta admits it includes a copy of Figure 10 of the '769 Patent, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and on that basis denies them.

36.     Answering Paragraph 36, Delta admits that U.S. Patent No. D699,241 (the "D'241 Patent") is titled "Peripheral Device for Computers" and that the face of the D'241 Patent states that

it issued on February 11, 2014. Delta admits that what purports to be a true and correct copy of the D'241 Patent is attached to the Complaint as Exhibit 5.

37. Answering Paragraph 37, Delta admits that 35 U.S.C. § 282(a) states that a patent shall be presumed valid but denies that the D'241 Patent is valid.

38. Answering Paragraph 38, Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies them.

39. Answering Paragraph 39, Delta states that the D'241 Patent speaks for itself.

## DEFENDANTS' ALLEGEDLY INFRINGING ACTIVITY

40. Answering Paragraph 40, Delta admits that Vivitek offers for sale and sells its LauncherPlus product in the United States. Delta denies any remaining allegations of Paragraph 40.

41. Answering Paragraph 41, Delta denies that it infringes or has infringed any valid claim of the '348 and '769 Patents, and denies every other allegation contained in Paragraph 41.

42. Answering Paragraph 42, Delta denies that it infringes or has infringed any valid claim of the '348 and '769 Patents, and denies every other allegation contained in Paragraph 42.

43. Answering Paragraph 43, Delta denies that it infringes or has infringed any valid claim of the '348 and '769 Patents, and denies every other allegation contained in Paragraph 43.

## THE ACCUSED PRODUCT

44. Answering Paragraph 44, Delta admits that Vivitek offers for sale and sells its LauncherPlus product in the United States. Delta denies any remaining allegations of Paragraph 44.

45. Answering Paragraph 45, Delta admits that Vivitek offers for sale and sells its LauncherPlus product in the United States. Delta denies any remaining allegations of Paragraph 45.

46. Answering Paragraph 46, Delta admits that the website, www.vivitekusa.com/productdetail/LauncherPlus/, describes the LauncherPlus product in the manner described.

47. Answering Paragraph 47, Delta admits that an image of a LauncherPlus product is depicted in Paragraph 47.

48. Answering Paragraph 48, Delta admits that representatives of Barco met with representatives of Delta Electronics on or about April 2017. On information and belief, the Barco

representatives were not lawyers and had no formal legal training, let alone training in U.S. patent law. Delta's representatives also were not formally trained in patent law. During this meeting, Barco's representatives cited the '348 Patent and a European patent and expressed general, non-specific, concerns about the LauncherPlus product. Delta denies any remaining allegations in Paragraph 48.

49. Answering Paragraph 49, Delta admits that it has a market presence and participates in industry events and trade shows worldwide and through those activities was aware of certain Barco products. Delta denies any remaining allegations in Paragraph 49.

50. Answering Paragraph 50, Delta admits that Barco has communicated to Delta its alleged belief that the LauncherPlus product infringes certain Barco's patents. Delta denies any remaining allegations in Paragraph 50.

51. Answering Paragraph 51, Delta admits it is aware of the '769 and '348 Patents and that Barco NV has filed a patent-infringement lawsuit against Delta Electronics in the Netherlands. Delta denies every remaining allegation in Paragraph 51.

52. Answering Paragraph 52, Delta denies every allegation contained therein.

**COUNT I: DEFENDANTS' ALLEGED INFRINGEMENT OF THE '348 PATENT**

53. Delta incorporates by reference its responses to the allegations in Paragraphs 1-52 of the Complaint as if fully set forth herein.

54. Answering Paragraph 54, Delta denies it infringes or has infringed any valid claim of the '348 Patent, and denies every other allegation contained in Paragraph 54.

55. The statements in Paragraph 55 do not require a response. To the extent a response is required, Delta denies every allegation contained therein.

56. Answering Paragraph 56, Delta denies it infringes or has infringed any valid claim of the '348 Patent, and denies every other allegation contained in Paragraph 56.

57. Answering Paragraph 57, Delta denies it infringes or has infringed any valid claim of the '348 Patent, and denies every other allegation contained in Paragraph 57.

58. Answering Paragraph 58, Delta denies it or its customers or users of the LauncherPlus product infringe or have infringed any valid claim of the '348 Patent, and denies every other allegation contained in Paragraph 58.

59. Answering Paragraph 59, Delta denies it or its customers or users of the LauncherPlus product infringe or have infringed any valid claim of the '348 Patent, and denies every other allegation contained in Paragraph 59.

60. Answering Paragraph 60, Delta denies it or its customers or users of the LauncherPlus product infringe or have infringed any valid claim of the '348 Patent, and denies every other allegation contained in Paragraph 60.

61. Answering Paragraph 61, Delta denies every allegation contained therein.

62. Answering Paragraph 62, Delta denies every allegation contained therein.

63. Answering Paragraph 63, Delta denies every allegation contained therein.

64. Answering Paragraph 64, Delta denies every allegation contained therein.

65. Answering Paragraph 65, Delta denies every allegation contained therein.

**COUNT II: DEFENDANTS' ALLEGED INFRINGEMENT OF THE '769 PATENT**

66. Delta incorporates by reference its responses to the allegations in Paragraphs 1-65 of the Complaint as if fully set forth herein.

67. Answering Paragraph 67, Delta denies it infringes or has infringed any valid claim of the '769 Patent, and denies every other allegation contained in Paragraph 67.

68. The statements in Paragraph 68 do not require a response. To the extent a response is required, Delta denies every allegation contained therein.

69. Answering Paragraph 69, Delta denies it infringes or has infringed any valid claim of the '769 Patent, and denies every other allegation contained in Paragraph 69.

70. Answering Paragraph 70, Delta denies it infringes or has infringed any valid claim of the '769 Patent, and denies every other allegation contained in Paragraph 70.

71. Answering Paragraph 71, Delta denies it or its customers or users of the LauncherPlus product infringe or have infringed any valid claim of the '769 Patent, and denies every other allegation contained in Paragraph 71.

72. Answering Paragraph 72, Delta denies it or its customers or users of the LauncherPlus product infringe or have infringed any valid claim of the '769 Patent, and denies every other allegation contained in Paragraph 72.

73. Answering Paragraph 73, Delta denies it or its customers or users of the LauncherPlus product infringe or have infringed any valid claim of the '769 Patent, and denies every other allegation contained in Paragraph 73.

74. Answering Paragraph 74, Delta denies every allegation contained therein.

75. Answering Paragraph 75, Delta denies every allegation contained therein.

76. Answering Paragraph 76, Delta denies every allegation contained therein.

77. Answering Paragraph 77, Delta denies every allegation contained therein.

78. Answering Paragraph 78, Delta denies every allegation contained therein.

## COUNT III: DEFENDANTS' ALLEGED INFRINGEMENT OF THE D'241 PATENT

79. Delta incorporates by reference its responses to the allegations in Paragraphs 1-78 of the Complaint as if fully set forth herein.

80. Answering Paragraph 80, Delta denies every allegation contained therein.

81. Answering Paragraph 81, Delta denies every allegation contained therein.

82. Answering Paragraph 82, Delta denies every allegation contained therein.

83. Answering Paragraph 83, Delta denies every allegation contained therein.

84. Answering Paragraph 84, Delta denies every allegation contained therein.

85. Answering Paragraph 85, Delta denies every allegation contained therein.

86. Answering Paragraph 86, Delta denies every allegation contained therein.

87. Answering Paragraph 87, Delta denies every allegation contained therein.

## PRAYER FOR RELIEF

Paragraph A-G contain legal conclusions to which no response is required. To the extent the allegations require a response, Delta denies that Plaintiffs are entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

In further response to the Complaint, and without conceding or assuming that Delta bears the burden of proof as to any of them, Delta alleges the following affirmative and other defenses and reserves the right to amend its Answer to the Complaint as additional information becomes available.

### FIRST DEFENSE

**(Non-Infringement)**

Delta has not infringed and does not infringe, either literally or under the doctrine of equivalents, any purportedly valid claim of the Patents-in-Suit.

### SECOND DEFENSE

**(Invalidity)**

Each asserted claim of the Patents-in-Suit is invalid for failure to comply with one or more requirements of Title 35, United States Code, including without limitation the provisions of 35 U.S.C. §§ 101, 102, 103, 112, 116, and 132, and the rules, regulations, and laws pertaining thereto.

### THIRD DEFENSE

**(Prosecution History Estoppel)**

By reason of prior art and the proceedings in the U.S. Patent and Trademark Office during the prosecution and/or reexamination of the applications that led to the issuance of the Patents-in-Suit, including, without limitation, amendments, representations, concessions, and admissions made by or on behalf of the applicant, Plaintiffs are estopped from asserting that the Patents-in-Suit cover and include any Delta products alleged to infringe the Patents-in-Suit.

### FOURTH DEFENSE

**(Limitation on Damages)**

Plaintiffs' claims for recovery are barred, in whole or in part, by 35 U.S.C. § 287.

### FIFTH DEFENSE

### (Limitation on Damages)

Under the provisions of 35 U.S.C. § 286, Plaintiffs are precluded from seeking recovery for any of Delta's alleged infringing acts occurring more than six years before the filing of the Complaint.

### SIXTH DEFENSE

### (Limitation on Damages)

Plaintiffs are not entitled to recovery of Delta's total profits under 35 U.S.C. § 289.

### SEVENTH DEFENSE

### (Absolute and Equitable Intervening Rights)

The doctrines of absolute and equitable intervening rights preclude, or at least severely limit, any damages or equitable relief Plaintiffs may seek. *See, e.g.,* 35 U.S.C. § 252.

### EIGHTH DEFENSE

### (Action Including an Invalid Claim and Limitation on Recovery of Costs)

Plaintiffs' prayer for costs is barred, in whole or in part, by Plaintiffs' failure to disclaim any invalid claims under 35 U.S.C. § 288.

### PRAYER FOR RELIEF

WHEREFORE, Delta denies that Plaintiffs are entitled to any relief, including the relief requested in its Prayer for Relief, Delta respectfully requests that the Court enter a judgment against Plaintiffs and in favor of Delta as follows:

A. That Plaintiffs take nothing and be denied any relief whatsoever;

B. That the Complaint be dismissed on the merits and with prejudice;

C. That the Patents-in-Suit be declared to be invalid and not infringed by Delta;

D. That Delta be awarded its costs incurred in connection with this action;

E. That this case be deemed exceptional pursuant to 35 U.S.C. § 285, such that Delta be awarded reasonable attorneys' fees; and

F.  That Delta be awarded such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Delta demands a trial by jury as to all claims and issues properly triable thereby.

Dated: August 30, 2019

**Finnegan, Henderson, Farabow, Garrett & Dunner LLP**

By: */s/ Erik R. Puknys*
    Erik R. Puknys

    Attorneys for Defendants Vivitek Corporation and Delta Electronics, Inc.